UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

D'JAI OKOLO JEHRAMYUS,
Plaintiff,

v.

GOOGLE LLC,
Defendant.

Case No. 26-cv-02332-PCP

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. Nos. 30, 31

Pro se plaintiff D'Jai Okolo Jehramyus sues Google for placing advertisements alongside his YouTube videos. Jehramyus originally brought this action in Georgia state court, asserting Georgia state law causes of action. After removing the matter to federal court and transferring the case to the Northern District of California, Google now moves to dismiss Jehramyus's claims with prejudice, arguing that YouTube's terms of service bar Jehramyus's suit. Because the terms of service provide that this matter is governed by California law, and because Jehramyus consented to the placement of advertisements alongside his videos in the terms of service, the Court grants the motion to dismiss. The Court does so, however, without prejudice and with leave to amend.

## I. BACKGROUND

D'Jai Okolo Jehramyus creates dance videos on YouTube, some of which have spiritual themes, and has done so since at least 2007. Complaint, Dkt. No. 1-4, ¶¶ 1, 5–6. Jehramyus has uploaded at least 70 videos to his YouTube channel, which has more than 1,000 subscribers and has generated over 500,000 total views. Complaint ¶¶ 6–7. Google, acting through YouTube, allegedly displayed third-party advertisements alongside Jehramyus's videos, including advertisements from Squarespace, Hulu, and Grammarly.[1] Complaint ¶ 9. Jehramyus argues that

[1] YouTube is a subsidiary and service of Google. Complaint ¶ 2.

United States District Court
Northern District of California

at least some of the ads have "secular, inappropriate, or irrelevant content." Complaint ¶ 8.

Jehramyus sued Google in Fulton County Superior Court, Georgia, seeking "redress for the economic, emotional, reputational, and spiritual harm caused by Defendant's unauthorized use and monetization of sacred, original performances." Complaint at 1. The complaint asserts thirty-two causes of action under Georgia law based on Jehramyus's lack of consent to the third-party ads. Jehramyus seeks damages for "any revenue share that he can prove became contractually due" and pleads damages of $2 million. Opposition, Dkt. No. 36, at 5; Complaint at 3.

Google removed Jehramyus's lawsuit to the U.S. District Court for the Northern District of Georgia and then moved to dismiss or transfer. The Northern District of Georgia transferred the matter to the Northern District of California. Dkt. No. 13. Google now moves to dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARDS

The Federal Rules generally require a complaint to include only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule 12(b)(6) motion contending that the complaint nonetheless fails to state a claim, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). While legal conclusions "can provide the complaint's framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Id.* at 664.

## III. ANALYSIS

### A. The Court takes judicial notice of the terms of service.

Google requests that the Court take judicial notice of YouTube's Terms of Service, effective as of December 15, 2023. Dkt. No. 31. Jehramyus does not oppose Google's request.

Materials outside the complaint can be considered on a Rule 12(b)(6) motion if they are incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*,

342 F.3d 903, 908 (9th Cir. 2003) ("A [district] court may [ ] consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). The Court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

The terms of service are "properly subject to judicial notice because they are publicly available webpages and their contents are not subject to reasonable dispute." *Yuksel v. Twitter, Inc.*, No. 22-CV-05415-TSH, 2022 WL 16748612, at *2–3 (N.D. Cal. Nov. 7, 2022) (collecting cases and taking judicial notice of terms of service). Jehramyus does not contest the accuracy or authenticity of the copy that Google submitted with its request for judicial notice.

Accordingly, the request for judicial notice, Dkt. No. 31, is granted, and the Court will consider the December 15, 2023, YouTube Terms of Service in addressing Google's motion to dismiss.

**B. California law governs this case.**

Google asserts that this matter should be decided under California law pursuant to the choice-of-law clause in the terms of service. That clause provides that "[a]ll claims arising out of or relating to these terms or the Service [i.e., the YouTube website] will be governed by California law, except California's conflict of laws rules." Terms of Service at 3, 15. Jehramyus does not dispute that California law governs. Opposition at 10.

Because this case was transferred from the Northern District of Georgia, the Court must first decide which state's choice-of-law rules govern, and then decide whether the choice-of-law clause is enforceable under those rules.

California's choice-of-law rules govern because this case was transferred to the Northern District of California pursuant to a valid forum-selection clause. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013). And under California's rules, the choice-of-law clause is enforceable. California has a "substantial relationship to the parties," as Google is based in California, and Jehramyus advances no policy arguments as to why California law should

not apply. *See Trump v. Twitter Inc.*, 602 F. Supp. 3d 1213, 1226 (N.D. Cal. 2022) (quoting *Washington Mutual Bank, FA v. Superior Court*, 24 Cal. 4th 906, 916 (2001)).

The Court therefore proceeds to apply California law.

**C. The Court dismisses the complaint.**

Google identifies two flaws in the pleadings that require dismissal: that Jehramyus asserts solely Georgia state law causes of action, and that Jehramyus consented to the monetization of his videos in its terms of service.

As discussed above, this matter is "governed by California law," Terms of Service at 15, but Jehramyus advances only Georgia state law claims, Complaint at 3–11. That is "enough to dismiss" all of Jehramyus's claims. *Trump*, 602 F. Supp. 3d at 1227; *see also Abat v. Chase Bank USA, N.A.*, 738 F. Supp. 2d 1093, 1096 (C.D. Cal. 2010) ("The choice of law provision should be enforced, and its selection of Delaware law bars Plaintiff's California statutory claims as a matter of law.").

True, Jehramyus is a pro se plaintiff, and "courts must construe pro se pleadings liberally." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). But Jehramyus seeks leave to amend so that he may replead under California law. So even if the Court could apply a liberal construction to discern whether the complaint states a claim under comparable California laws, the Court agrees with Jehramyus that the better course is for him to replead his claims under California law.

Google's second argument, however, suggests a more fundamental flaw in the complaint that must be addressed on any amendment: Jehramyus agreed in the terms of service to the monetization of at least some of his videos, including through the display of third-party advertisements, and that he would not be entitled to payment absent other arrangements.

The general rule in California is that "[a] person who consents to an act is not wronged by it." Cal. Civ. Code § 3515. Therefore, contract claims do not lie against lawful conduct that the contract expressly allows, including implied covenant claims. *See 21st Century Ins. Co. v. Superior Ct.*, 47 Cal. 4th 511, 526–27 (2009) ("[O]ne cannot invoke the implied covenant to

prohibit conduct that a contract expressly allows.”).[2] Similarly, consent generally defeats intentional tort claims. *Tavernier v. Maes*, 242 Cal. App. 2d 532, 552 (1966).

Here, at least two provisions of the YouTube terms of service establish that Jehramyus consented to all the conduct of which he complains and thus contracted away any entitlement to payment. First, the “License to YouTube” provides that Jehramyus “grant[s] to YouTube a worldwide, non-exclusive, royalty-free, sublicensable and transferable license to use that Content (including to reproduce, distribute, prepare derivative works, display and perform it) in connection with the Service and YouTube’s … business, including for the purpose of promoting and redistributing part or all of the Service.” Terms of Service at 8–9.

Second, the terms of service provide Google with a “Right to Monetize,” which provides in relevant part that the user “grant[s] to YouTube the right to monetize your Content on the Service (and such monetization may include displaying ads on or within Content or charging users a fee for access). This Agreement does not entitle you to any payments.” *Id.* at 9. Thus, YouTube’s terms of service explicitly authorized YouTube to display ads “on or within” Jehramyus’s content and disclaimed any obligation to pay Jehramyus.

That said, it is too early to determine whether these facts conclusively shield Google from liability. Most importantly, Google has provided only the December 2023 terms of service, but Jehramyus has been uploading videos to YouTube since at least 2007. Complaint ¶ 5. It is thus unclear whether Jehramyus consented to similar terms prior to 2023. Google argues that this factual gap is immaterial because any claim arising from videos uploaded before 2023 would be barred by the one-year limitations period in the terms of service. Terms of Service at 16 (“You and YouTube agree that any cause of action arising out of or related to the Services must commence within one (1) year after the cause of action accrues. Otherwise, such cause of action is permanently barred.” (decapitalized)). But that is a circular defense. There is no information in the record as to whether the prior terms of service previously included such a limitation, and the

---

[2] The quasi-contract claims, including unjust enrichment and quantum meruit, fail for the related reason that there is an express contract in place that governs the relevant conduct. *O’Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1000 (N.D. Cal. 2014) (citing *Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996)).

publicly available prior terms date back only to 2018.[3] Moreover, even if Jehramyus agreed to similar terms for all of his videos, it is unclear exactly what California law claims Jehramyus might plead in his amended complaint, and it is conceivable that his consent might not defeat some of those claims.

**D. The Court grants leave to amend.**

The Court must determine whether to dismiss the complaint with leave to amend. Google argues that amendment would cause undue delay and be futile, but the Court disagrees.

Rule 15(a) places leave to amend "within the sound discretion of the trial court. In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979–80 (9th Cir. 1981). "Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Id.* at 979 (quoting *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)). Among the possible reasons to deny leave to amend, Google advances only undue delay and futility.

Given that this action has been pending for less than one year and four months, any claim of undue delay must be supported by evidence of bad faith or prejudice. *See United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (citing prior case where court held that "district court had abused its discretion in denying leave to amend even five years after the original pleadings, where neither bad faith nor prejudice was apparent"). With respect to bad faith, Google's only argument is that Jehramyus did not previously seek leave to amend his complaint. Given that Jehramyus is proceeding pro se, it is implausible that Jehramyus's failure to take advantage of the mechanics of the Federal Rules was motivated by bad faith.[4] With respect to prejudice, Google points only to the fact that it has had to brief the same motion to dismiss in both the Northern District of Georgia and the Northern District of California. Given that the two motions were substantively identical,

---

[3] https://www.youtube.com/t/terms?archive=20180525

[4] For Mr. Jehramyus's benefit, to the extent that he believed an amendment was necessary after reviewing Google's motion, he did not need to wait for this Court to rule on the motion to dismiss. Rather, he could have amended his complaint without approval from Google or the Court within twenty-one days of Google's motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B).

the Court finds that Google will suffer no substantial prejudice if Jehramyus is granted leave to amend. *Compare* Dkt. No. 4-1 *with* Dkt. No. 30.

Nor would amendment be futile. For the reasons discussed above, neither the Georgia-law nature of Jehramyus's claims nor the partially established consent are necessarily dispositive. Jehramyus is a pro se plaintiff who intended to litigate this case in Georgia and thus pleaded only Georgia law claims. Although the Court agrees with Google that the California choice-of-law clause in the terms of service bars the Georgia law claims, there is no reason to think that Jehramyus cannot plead causes of action under California law. While Jehramyus's consent poses a more significant hurdle, it is premature to conclude that Jehramyus consented to the monetization of all his videos dating back to 2007 or that such consent would necessarily defeat all of his repleaded California claims.

Should Jehramyus choose to amend, however, the amended complaint must be pleaded with more specificity and must address the issues that the Court has identified. If Jehramyus believes he is entitled to payment, he must identify the specific source of that entitlement, whether it be a contractual provision or a specific duty that Google breached. Jehramyus correctly identifies in his opposition that his amendment must identify a "definite source of payment entitlement - for example, a separate Partner Program agreement or other enforceable undertaking and allege the conditions, Plaintiff's performance, breach, and damages. *If no such source exists, the contract and implied-covenant theories should be omitted.*" Opposition at 17 (emphasis added). And to the extent that Jehramyus's chooses to pursue the theory that he was unlawfully excluded from the YouTube Partner Program, he must plead with particularity the contractual provision or duty that Google breached in excluding him.

Jehramyus also correctly acknowledges that if he chooses to advance claims of fraud or misrepresentation, he must identify the specific fraudulent or misleading statements on which he relied. *Id.* at 18. And at least as to his fraud claims, Jehramyus must plead with extra specificity, identifying the "who, what, when, where, and how" of the fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003)). This requirement may also apply to claims of negligent misrepresentation,

although "[d]istrict courts in the Ninth Circuit are split on this issue," and the Court need not decide the issue before Jehramyus pleads a viable misrepresentation claim under California law. *In re Meta Android Priv. Litig.*, 833 F. Supp. 3d 1010, 1032 (N.D. Cal. 2026).

Jehramyus's opposition further identifies multiple theories that "can be omitted" for lack of factual bases. Opposition at 18–19 (publicity, commercial use, nonpayment, emotional distress, tortious interference). The Court expects that the amended complaint will either cure the identified deficiencies or omit these causes of action.

Finally, the Court is concerned that the current complaint contains hallucinations from the misuse of generative artificial intelligence. First, the complaint cites a statute that does not exist, Code of Georgia section 13-6-77. Complaint at 8. There is no section 77 in chapter 6 of title 13 of the Georgia Code. Nor does this appear to be a typographical error, as section 7 of that chapter concerns liquidated damages, but the complaint labels the nonexistent statute as relating to "Suppression of Business Opportunity." *Id.* Additionally, the complaint includes a cause of action for digital identity theft but cites a criminal identity fraud provision that is plainly inapplicable in this civil suit. *Id.* at 5.

Federal Rule of Civil Procedure 11 provides that when a pro se party presents a pleading or any other paper to the Court, the party certifies that the claims and defenses in the paper are either supported by existing law or by nonfrivolous arguments to modify existing law. A hallucination is neither existing law nor a good-faith argument to modify existing law. *See Malkeet Lnu v. Blanche*, 177 F.4th 1014, 1027 (9th Cir. 2026). Although Jehramyus is proceeding pro se, pro se parties are still "bound by the Federal Rules," including Rule 11. Civil L.R. 3-9(a). In all future filings, Jehramyus shall verify that any cited laws are real and that they support the contentions for which they are cited.

## IV. CONCLUSION

The motion to dismiss is granted without prejudice and with leave to amend. Within 35 days of this order, Jehramyus may file an amended complaint that pleads causes of action under California law and addresses the issues identified above. Failure to file an amended complaint or otherwise respond will result in dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: November 12, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California